IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TORENDA WHITMORE,                        )
                                         )
                        Plaintiff,       )
                                         )
        v.                               )      Civ. No. 1:14-CV-00986 (RBW)
                                         )
UNITED STATES DEPARTMENT OF              )
        JUSTICE, et al.,                 )
                        Defendants       )
_____)

## DECLARATION OF JOHN F. BOSEKER

I, John F. Boseker, declare the following to be a true and correct statement of facts:

1)      I am an Attorney Advisor in the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice ("DOJ").   I am specifically assigned to the

component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5

U.S.C. §552 (1988), and the Privacy Act of 1974,("PA") 5 U.S.C. §552a(1988).

2)      Due to the nature of my official duties, I am personally familiar with the FOIA/PA

request made to EOUSA by the above plaintiff, Torenda Whitmore, which forms the basis for this

litigation regarding EOUSA.

3)      My official duties include: having the authority to make final disclosure

determinations on records requested under the FOIA/PA, to assure EOUSA's compliance with the

provisions of the FOIA and PA and DOJ Regulation 28 CFR §16.3 et seq., and §16.40 et seq., as

well as to defend EOUSA's position in litigating challenges to EOUSA's actions.

4)      My official duties also include: acting as liaison between EOUSA and the

components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought

from EOUSA and /or the 94 U.S. Attorneys offices ("USAOs"); reviewing request-related

correspondence, reviewing searches performed in response to requests; and reviewing responses made to those requests.

5)     The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

## BACKGROUND

6)     On May 21, 2013, EOUSA received a letter dated May 3, 2013, from the requester/plaintiff ( Ms. Whitmore, hereafter). This letter sought six items pertaining to her own prosecution by the United States Attorneys' Office for the Southern District of Mississippi (USAO/SDMS).  **Exhibit A attached.**

7)     By letter dated June 27, 2013, EOUSA notified Ms. Whitmore that her request letter had been received and assigned FOIA No. 13-1837, but that lacking a Certification of Identity, EOUSA was closing the request (enclosing a Certification of Identity form for completion and resubmission). **Exhibit B attached.**

8)     By letter dated July 3, 2013, Ms. Whitmore resubmitted her request, with the completed Certification of Identity form and she referred to this resubmission as a "second request" and added an additional request item to her initial six request items. **Exhibit C attached.**

9)     By letter dated July 30, 2013, EOUSA acknowledged receipt of this renewed request, assigned FOIA No. 13-2519, and advised that EOUSA was undertaking a search of the United States Attorney's Office for the Southern District of Mississippi (USAO/MSS) for the specific requested records. **Exhibit D attached.**

10)     On January 31, 2014, EOUSA received another letter from Ms. Whitmore dated January 14, 2014 requesting Items 1-7 on herself in the USAO/SDMS.   **Exhibit E attached.**

11)     By letter dated March 11, 2014 EOUSA acknowledged receipt of Ms. Whitmore's request letter dated January 14, 2014.   Inadvertently, in accord with EOUSA FOIA's Intake Procedures respecting new requests, this letter was assigned a new number, FOIA No. 14-01406, and Ms. Whitmore was advised that EOUSA was undertaking a search of the USAO/Southern District of Mississippi.   **Exhibit F attached.**

12)     Discovered during the course of reviewing the FOIA request files, and in preparation for this declaration, was the fact that both 2013-2519 and 2014-01406 were similar requests.   Moreover, it was discovered that the USAO/SDMS had actually responded to EOUSA through an EOUSA FOIA system e-mail portal on or about September 16, 2013, with the result of its search and records.   For reasons unknown this response was not received by EOUSA FOIA and therefore had not been united with the 2013 FOIA file for processing.   Notably during this time, EOUSA FOIA was transitioning to a computerized system ("Access Pro"), which uploaded new paper requests and some older files. Unfortunately, Access Pro assigned 2014 numbers to 2013 cases in accord with the new system's procedures in conjunction with the new fiscal year. We assume that this occurred in this instance. This transition was also occurring during the Government shutdown in 2013. While unfortunately delayed, the USAO did perform a search, located some responsive records, and EOUSA reviewed and processed those records.

13)     By letter dated July 30, 2014, EOUSA notified Ms. Whitmore that it was sending 12 pages of records to her, which had been located by the search, 4 of those pages were released in part (actually 5) by withholding portions by under Exemption (b)(7)(C) – and Privacy Act j(2).   No pages were withheld in full.   EOUSA further advised that the responsive file had been "stripped"

(i.e., the file had been purged of most records) on February 14, 2011, and that there were no records responsive to Items 3-7.   The letter also advised Ms. Whitmore to write directly to the named law enforcement entities in her request to obtain the records identified to them.   **Exhibit G attached.**

14)     The FOIA Contact for the USAO/SDMS searched the LIONS computer system. LIONS is a computer case tracking system, the database having fields for retrieval of information based on a defendant's name, USAO file jacket number, and district court case number. The computer search performed by the FOIA contact used the search terms "Torenda Whitmore" and case files CR#2008R00796 and CIV#2011v00295. The FOIA contact also searched the card file indexes for Criminal, Civil, and Asset Forfeiture cases in the USAO. In addition, the FOIA contact e-mailed the Criminal and Civil Assistant United States Attorneys ("AUSAs") and other staff members regarding whether they had any files in their offices on the subject.

15)     The records reveal that Ms. Whitmore and others were criminally prosecuted for conspiracy, kidnapping, felon in possession of a firearm, use of a firearm during a crime of violence. (All of the records therefore were created for law enforcement purposes).   A jury trial was held, convictions and sentencing followed.   There was no plea agreement, but only a proposed plea agreement,(which document was released in full to Ms. Whitmore). Finally, the USAO/SDMS (or MSS) FOIA contact attempted to obtain certain of these items referenced on the Docket Sheet through the PACER system, but to no avail.   This latter step to obtain public court records was an extraordinary effort made due to the unique circumstance of the "stripped" file and the consequent inability to retrieve the requested records from the located file.

16)     Attached to this Declaration are 5 pages (error in counting discovered during the assembling of exhibits for this declaration) containing redactions of names and personal identifiers of third party individuals and federal agents. (These documents also show the "stripped" file date

and law enforcement context of the created documents).   EOUSA applied FOIA Exemption (b)(7)(C) to the redacted portions to protect each from unwarranted invasion of personal privacy. There was no consent or authorization to disclose this information from any of the third party individuals, nor any public interest in such disclosure.   **Exhibit H attached, includes all the pages released (corrected count per this paragraph).**

17)   EOUSA processed the Whitmore request under both the Privacy Act and the FOIA. The Criminal Case Files (Justice/USA-007) are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated rules exempting these records from the Privacy Act's access provisions as authorized by 5 U.S.C. 552a(j)(2), which appears at 28 CFR 16.81.   Subsection (j)(2) of the PA exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. The entire case file pertained to a criminal prosecution and was compiled for law enforcement purposes.   Therefore, in accord with subsection (t) of the PA, while the records were not subject to disclosure under the Privacy Act, they were subject to review and disclosure or withholding under the provisions of the FOIA.

18)   FOIA Exemption (b)(7)(C) protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy.   This exemption was applied to withhold identities of and information about other third party individuals, release of which could subject such persons to an unwarranted invasion of personal privacy by efforts to gain further access to such persons or to personal information about them, leading to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case.   The exemption was also applied to withhold identities of special agents and the direct phone number of the prosecutor.

Individual duties and assignments are not public and the publicity that would likely arise from disclosure would seriously impede, if not totally jeopardize law enforcement effectiveness in subsequent cases, even subjecting these individuals to harassment or other harm.   These persons have protected privacy interests in the conduct of law enforcement investigations and prosecutions. Finally, no such person has consented to disclosure, nor has any public interest been asserted so as to overwhelm the substantial privacy interests protected by application of this exemption.

19)    Each document was evaluated under the FOIA to determine if any information could be segregated and released.   As stated, no documents were withheld in their entirety, and all 12 pages of records located were released, 7 pages in full, and the 5 pages withheld in part by application of Exemption (b)(7)(C).

20)    With the exception of the duly noted glitch, each step in the handling of the Whitmore request has been consistent with the EOUSA and the USAO's procedures to insure an equitable response to all persons seeking access to records under the FOIA.   EOUSA believes it has responded fully to the request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2014.

JOHN F. BOSEKER

Attorney Advisor, EOUSA

# EXHIBIT A

# FREEDOM OF INFORMATION REQUEST

REQUESTOR: Torenda A. Whitmore   DATE OF BIRTH November 2, 1968
REG. NO:  15123-043            PLACE OF BIRTH Ohio, USA
ADDRESS:  FCI Tallahassee      CRIMINAL CASE NO: 1:08-cr-00130
          501 Capital Cir. NE   U.S. DIST. COURT: Southern District
          Tallahassee, FL 32301            of Mississippi

BRANCH OR AGENCY FROM WHICH REQUESTED:

U.S. Department of Justice
Freedom of Information & Privacy Staff

600 E. Street, N.W. Suite 7300, Bicentiennial Bldg.

Washington, DC 20530-0001

DEAR SIR:      (Please note.. continued on next page)

I hereby request that you furnish to me within 10 days s provided by law: (See Title 5
U.S.C. §552 (A) (6) (A)), copies of the following specified documents or information:

1.  Plea Agreement for Whitmore prepared on April 15, 2009 from AUSA
    Golden (Doc. 250, p.3)

2.  Any and all other Pleas prepared for Whitmore from ASUA Office
    given to Whitmore's counsel, including letters about plea (Doc. 240-2)

3.  Police Records from Jackson County in regards to the arrest of
    Torenda Whitmore, Eddie Pugh, Barron Borden on October 8, 2008,
    including, but not limited to Exh. D-6 (Doc. 192 p. 28).

4.  Audio Recordings for interviews conducted by Federal Bureau of Invest-
    igations in listening format such as MP3 for Torenda Whitmore, James
    Pugh, Barron Borden, and Ramone Mogilles, along with written transcripts.

My request is not limited to the above. It includes all documents, reports, pictures,
exhibits, memorandums, letters, summaries, handwritten notes, recordings, and all other
information concerning this subject which is contained in your offices under the supervisior and
administration of the above stated agency or branch of government.

My above request is made pursuant to the provisions of the Freedom of Information and
Privacy Act, Title 5 U.S.C.A. §552, 552a,

Respectfully submitted this _3_ day of _May_, _2013_



May 2, 2013
Freedom of Information Request, Cont'd
Requestor: Torenda A. Whitmore; 15123-043

5. Gas receipt from the Chevron Station in Long Beach, Mississippi, Government exhibit 76. (Doc. 186 p. 229).

6. Any and all evidence associated with the Chevron Gas Station obtained by the Federal Bureau of Investigation or any other Police, Sherriff's office, ATF, or other agency local or federal. Including any video or audios, interviews, and names of witnesses and owner of Chevron Gas Station for verification of video footage provided to any agency.

# CERTIFICATE OF SERVICE

**This is to certify that I have served a true and correct copy of the foregoing:**

Freedom of Information request sent to the Department of Justice for records, exhibits, recordings, receipt, transcripts, police reports.

upon the following addresses, by placing same in a sealed envelope, bearing sufficient

postage for delivery via the United States Postal Service, to:

U.S. Department of Justice
Freedom of Information & Privacy Staff
600 E. Street, N.W. Suite 7300, Bicentennial Bldg.
Washington, DC 20530-0001

and deposited it in the postal box provided for inmates on the grounds of the Federal

Correctional Institution, Tallahassee, Florida, 32301; on this _3rd_ day of

_May_ , ~~200X~~ 2013

_Signature_
Torenda A. Whitmore

Register No. _15123-043_
**Federal Correctional Institution**
**501 Capital Circle N.E.**
Tallahassee, Florida 32301

**Litigation is deemed FILED at the time it was delivered to prison authorities.
See <u>Houston v. Lack</u>, 487 US 266, 101 L Ed 2d 245, 108 S Ct 2379 (1988).**

# EXHIBIT B



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 252-6020   FAX: 252-6047   (www.usdoj.gov/usao)*

JUN 2 7 2013

Requester:  Torenda Whitmore                    Request Number:  13-1837

Subject of Request:  Self (specific records)

Dear Requester:

        Your recent request for records from the Executive Office for United States Attorneys
(EOUSA) has been received.  Before the Executive Office can begin processing your request, it
is necessary for you to correct one or more deficiencies.  Please comply with the paragraphs
checked below:

1.    [ X ] A requester must provide a notarized example of his/her signature or a certification of
      identity under penalty of perjury.  This insures that information pertaining to an individual is
      released only to that person.  A form is enclosed for your use.

2.    [ ] The files and records of United States Attorneys are maintained in over one hundred separate
      offices throughout the United States.  Please identify the specific United States Attorney's
      office(s) where you believe records may be located.  This would be primarily the district(s) in
      which a prosecution or litigation occurred.

3.    [ ] To insure that records are properly identified, provide subject's full name, current address,
      and date and place of birth.

4.    [ ] A request must describe the records sought in sufficient detail to allow location of the
      records with a reasonable amount of effort (i.e., processing the request should not require an
      unduly burdensome effort or be disruptive of Department operations).  Please provide more
      specific information about the records you seek, such as appropriate dates, locations, names,
      nature of the records, etc.

5.    [ ] Please note that your original letter was split into separate files ("requests"), for processing
      purposes, based on the nature of what you sought.  Each file was given a separate Request
      Number (listed below), for which you will receive a separate response:

        By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R.
§ 16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. §
16.11(k)).  Indigency does not constitute a basis for a fee waiver.  Please note that pursuant to 28
C.F.R. § 16.11, we are required to charge fees for time used to search for the documents you have
requested and for duplication of all pages released to you.  Normally, search time is charged at a
rate of $28 the expected fees (or you have narrowed your request to reduce fees) and we

(Page 1 of 2)
Form No. 003 - 5/13



processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you. **Please send your new, corrected request to the address above.**

This is the final action on this above-numbered request. If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through this Office's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received within sixty days from the date of this letter. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Susan B. Gerson
Assistant Director

[  ] Enclosure(s)

# EXHIBIT C

## CERTIFICATE OF SERVICE

This is to certify that I have served a true and correct copy of the foregoing:   *13-1857*

```
Freedom of Information Request (2 pages)
Copy of Form No. 003-5/13 (2 pages)
Certification of Indentity (Form DOJ-361)
Copy of BOP Identity
Certificate of Service
```

upon the following addresses, by placing same in a sealed envelope, bearing sufficient

postage for delivery via the United States Postal Service, to:

```
U. S. Department of Justice
Freedom of Information & Privacy Staff
600 E. Street, N.W. Suite 7300, Bicentiennial Bldg.
Washington, DC 20530-0001
```

and deposited it in the postal box provided for inmates on the grounds of the **Federal**

**Correctional Institution, Tallahassee, Florida, 32301, on this    3rd    day of**

_____July_____, 2013

_____
Toranda Whitmore   Signature
FCI Tallahassee
501 Capital Cir. NE

Register No. _15123-043_
**Federal Correctional Institution**
**501 Capital Circle N.E.**
**Tallahassee, Florida 32301**

Litigation is deemed FILED at the time it was delivered to prison authorities.
See **Houston v. Lack**, 487 US 266, 101 L Ed 2d 245, 108 S Ct 2379 (1988).



July 3, 2013

U. S. Department of Justice
Freedom of Information & Privacy Staff
600 E. Street, N.W. Suite 7300, Bicentiennial Bldg.
Washington, DC 20530-0001

To Whom it May Concern:

Please find enclosed my second request for information. I sent my first
request on May 3, 3013, and received a notice that a "certificate of
identity under penalty of perjury" was necessary before this request
could be filled. (See Request Number: 13-1837)

I am asking that since it took two months to receive a notice of this
request to be required, along with a brand new request to be sent in
that you expedite my request since the agency has had 60 days to be
notified as to what I am requesting.

I would appreciate any help or assistance in processing my request
in a timely manner since I am serving a sentence for a crime I did not
commit, and this evidence is being used to help prove this fact.

Should anything be lacking in this second request, I would appreciate
a fast response so I can comply with any and all necessary procedures
as to not delay the process any longer than necessary.

Thank you for your time and consideration in this matter.

Sincerely,

Torenda Whitmore
FCI #15123-043
FCI Tallahassee
501 Capital Cir. NE
Tallahassee, FL 32301

enclosures: Freedom of Information Request (2 pages)
            Copy of Form No. 003-5/13 (2 pages)
            Certification of Identity (Form DOJ-361)
            Copy of BOP Identity
            Certificate of Service

# FREEDOM OF INFORMATION REQUEST

REQUESTOR: Torenda A. Whitmore     DATE OF BIRTH  November 2, 1968
REG. NO:     15123-043             PLACE OF BIRTH Ohio, USA
ADDRESS:     FCI Tallahassee       CRIMINAL CASE NO:  1:08-cr-00130
             501 Capital Cir. NE   U.S. DIST. COURT: Southern District
             Tallahassee, FL 32301                   of Mississippi

BRANCH OR AGENCY FROM WHICH REQUESTED:

U.S. Department of Justice

Freedom of Information & Privacy Staff

600 E. Street, N.W. Suite 7300, Bicentiennial Bldg.

Washington, DC 20530-0001

DEAR SIR:    (Please note.. continued on next page)

    I hereby request that you furnish to me within 10 days provided by law: (See Title 5 U.S.C. §552 (A) (6) (A)), copies of the following specified documents or information:

1. Plea-Agreement for Whitmore prepared on April 15, 2009 from AUSA Golden (Doc. 250, p.3)
2. Any and all other Pleas prepared for Whitmore from ASUA Office given to Whitmore's counsel, including letters about plea (Doc. 240-2)
3. Police Records from Jackson County in regards to the arrest of Torenda Whitmore, Eddie Pugh, Barron Borden on October 8, 2008, including, but not limited to Exh. D-6 (Doc. 192 p. 28).
4. Audio Recordings for interviews conducted by Federal Bureau of Investigations in listening format such as MP3 for Torenda Whitmore, James Pugh, Barron Borden, and Ramone Mogilles, along with written transcripts.

My request is not limited to the above. It includes all documents, reports, pictures, exhibits, memorandums, letters, summaries, handwritten notes, recordings, and all other information concerning this subject which is contained in your offices under the supervisor and administration of the above stated agency or branch of government.

    My above request is made pursuant to the provisions of the Freedom of Information and Privacy Act, Title 5 U.S.C.A. §552, 552a,

Respectfully submitted this _3_ day of _July_ , _2013_

July 3, 2013
Freedom of Information Request, Cont'd
Requestor: Torenda A. Whitmore; 15123-043

5. Gas receipt from the Chevron Station in Long Beach, Mississippi, Government Exhibit 76. (Doc. 186 p. 229).

6. Any and all evidence associated with the Chevron Gas Station obtained by the Federal Bureau of Investigation or any other Police, Sherriff's Office, ATF, or other agency local or federal. Including any video or audios, interviews, and names of witnesses and owner of the Chevron Gas Station to verify video footage provided to any police or agency.

7. Any and all email communication regarding investigation of this criminal case between Federal Bureau of Investigation and any other police or agency.

# EXHIBIT D



**U.S. Departme.  .f Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC  20530-0001*
*(202) 252-6020   FAX: 252-6047   (www.usdoj.gov/usao)*

Requester: _Torenda Whitmore_____Request No.: _13-2519_____

JUL 3 0 2013

Subject: __Self (specific records)/MSS_____

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions; for example, Project Requests usually take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, if you have not been granted a fee waiver, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

Susan B. Gerson
Assistant Director



Form No. 001 - 6/12

# EXHIBIT E

DOJ/EOUSA/FOIA STAFF

January 14, 2014

2014 JAN 31  PM 12: 34

U. S. Department of Justice
Freedom of Information & Privacy Staff
600 E. Street, N.W. Suite 7300, Bicentiennial Bldg.
Washington, DC 20530-0001

To Whom It May Concern:

Please find my **third** request for information. I sent my first re-
quest on May 3, 2013, and received a notice that a "certificate of
identity under penalty of perjury" was necessary before this re-
quest could be filled. (See Request Number: 13-1837).

My second request was mailed on July 3, 2013 with the required
certificate. I have yet to receive any information, or even an
update pertaining to my request.

I am now sending this **third** request for information. In this third
request, I have taken off the paragraph which states "My request is
not limited to the above."  I am hoping to receive just the itemized
seven items, without the additional information requested for in
that paragraph.

I also want to alert you to the fact I am limited in my funds. I
am incarcerated, and therefore could not pay all the fees necessary
if the costs are more than a few hundred dollars. If the fees are
going to be more than $250.00, please let me know what forms are
required by you to file informa pauperis for the documents requested.

I am hoping by limiting the numerated 7 items, without all the addi-
tional records requested for in the paragraph I have now removed
will expedite this request, as I am sitting as an innocent victim
incarcerated in a Federal Prison, for a crime I did not commit, and
this information is necessary for my next step with the court system.

Please let me know what, if anything is needed to help expedite this
process. It has now been over six months since my last request.

Sincerely,

Torenda Whitmore, FCI #15123-043
FCI Tallahassee
501 Capital Cir. NE
Tallahassee, FL 32301


GOVERNMENT
EXHIBIT
E
EOUSA-Whitmore

CERTIFICATE OF SERVICE

This is to certify, under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. §1746,  that I have served a true and correct copy of the foregoing:

```
Freedom of Information Request (2 pages)
Certification of Identity (Form DOJ-361)
Copy of BOP Identity
Certificate of Service
```

upon the following address(es) by placing same in a sealed envelope, bearing sufficient postage for delivery via the United States Postal Service, to:

```
U.S. Department of Justice
Freedom of Information & Privacy Staff
600 E. Street, N.W. Suite 7300, Bicentennial Bldg.
Washington, DC 20530-0001
```

and deposited it in the postal box provided for inmates on the grounds of the Federal Correctional Institution, Tallahassee, Florida, 32301, on this __14th__ day of __January__ , __2014__ .

_Torenda W. Whitmore_
Signature
Torenda Whitmore

Register No. __15123-043__
Federal Correctional Institution Tallahassee
501 Capital Circle, N.E.
Tallahassee, Florida 32301

Litigation is deemed FILED at  the time it was delivered to prison authorities.  See **Houston v. Lack**, 487 US 266, 101 L Ed 2d 245, 108 S Ct. 2379 (1988)

# FREEDOM OF INFORMATION REQUEST

REQUESTOR: Torenda A. Whitmore          DATE OF BIRTH November 2, 1968
REG. NO: 15123-043                      PLACE OF BIRTH Ohio, USA
ADDRESS: FCI Tallahassee                CRIMINAL CASE NO: 1:08-cr-00130
         501 Capital Cir. NE            U.S. DIST. COURT: Southern District
         Tallahassee, FL 32301                            of Mississippi

BRANCH OR AGENCY FROM WHICH REQUESTED:

U.S. Department of Justice

Freedom of Information & Privacy Staff

600 E. Street, N.W. Suite 7300, Bicentiennial Bldg.

Washington, DC 20530-0001

DEAR SIR:    (Please note.. continued on next page)

    I hereby request that you furnish to me within 10 days s provided by law: (See Title 5 U.S.C. §552 (A) (6) (A)), copies of the following specified documents or information:

1.  Plea Agreement for Whitmore prepared on April 15, 2009 from AUSA Golden (Doc. 250, p.3)

2.  Any and all other Pleas prepared for Whitmore from ASUA Office given to Whitmore's counsel, including letters about plea (Doc. 240-2)

3.  Police Records from Jackson County in regards to the arrest of Torenda Whitmore, Eddie Pugh, Barron Borden on October 8, 2008, including, but not limited to Exh. D-6 (Doc. 192 p. 28).

4.  Audio Recordings for interviews conducted by Federal Bureau of Investigations in listening format such as MP3 for Torenda Whitmore, James Pugh, Barron Borden, and Ramone Mogilles, along with written transcripts.

(X) There is further requests made on the next page.

(  ) The above information is all I am requesting with this form.

My above request is made pursuant to the provisions of the Freedom of Information and Privacy Act, Title 5 U.S.C.A. §552, 552a,

Respecfully submitted this 14th day of JANUARY , 2014

_Signature_

January 14, 2014
Freedom of Information Request, Cont'd
Requestor: Torenda A. Whitmore; 15123-043

5. Gas receipt from the Chevron Station in Long Beach, Mississippi,
   Government Exhibit 76. (Doc. 186 p. 229).

6. Any and all evidence associated with the Chevron Gas Station obtained
   by the Federal Bureau of Investigation or any other Police, Sherriff's
   Office, ATF, or other agency local or federal. Including any video or
   audios, interviews, and names of witnesses and owner of the Chevron
   Gas Station to verify video footage provided to any police or agency.

7. Any and all email communication regarding investigation of this criminal
   case between Federal Bureau of Investigation and any other police or
   agency.

# EXHIBIT F



**U.S. Department of Justice**
*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W.*
*Suite 7300, Bicentennial Building*
*Washington, DC  20530-0001*
*(202) 252-6020    FAX: 252-6047    (www.usdoj.gov/usao)*

March 11, 2014

Requester:  Torenda Whitmore                      Request No.:  FOIA-2014-01406

Subject:   Self/Specific Records - USAO/Southern Mississippi

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been assigned the above number.  Please give us this number if you write about your request.  If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request).  Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions; for example, Project Requests usually take approximately nine months to process.  Requests for "all information about myself in criminal case files" are usually Project Requests.  If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver.  Please note that pursuant to 28 CFR § 16.11, if you have not been granted a fee waiver, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you.  Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free.  Please do not send any payment at this time!  If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees.  After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you.  Without such payment, your request file will be closed without further action.

Sincerely,

Susan B. Gerson
Assistant Director

GOVERNMENT
EXHIBIT
F

Form No. 001 - 6/12

# EXHIBIT G



**U.S. Department of Justice**
*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W.*
*Suite 7300, Bicentennial Building*
*Washington, DC  20530-0001*
*(202) 252-6020    FAX: 252-6047    (www.usdoj.gov/usao)*

July 30, 2014

Torenda Whitmore
Tallahassee FCI
501 Capital Circle, NE
Tallahassee, Florida   32301

     Re: Request Numbers: <u>FOIA-2013-2519; FOIA-2014-01406</u>
     Subject of Request: <u>Self/Specific Records - USAO/Southern Mississippi</u>

Dear Ms. Whitmore:

     Your request for records under the Freedom of Information Act/Privacy Act has been processed.   This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.   Both request numbers are covered by this letter.

     To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

     The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 CFR § 16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.  This letter is a [X] partial [   ] full denial.

     Enclosed please find:

  __8__   page(s) are being released in full (RIF);
  __4__   page(s) are being released in part (RIP);
  __0__   page(s) are withheld in full (WIF).   **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

     The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

     FOIA Exemption (b) (7) (c); Privacy Act (J) (2)

     [   ]   In addition, this office is withholding grand jury material which is retained in the District.

[X]   A review of the material revealed:



[X] Enclosed are the only documents located by the USAO Southern District of Mississippi, which are responsive to your request.   These documents respond to Items 1 and 2. The USAO advised that in 2011, your file was purged and the records responsive to Items 3-7 were removed from the file.   You will see on a copy of the file cover stamped and dated "file stripped Date 2/4/11."   Furthermore, the USAO tried to obtain certain items identified on the Docket Sheet through the PACER system, but was unsuccessful.   It is recommended that you write directly to the various law enforcement entities for the records you are seeking.

[X]   See additional information attached.

This is the final action on this above-numbered request. As you have filed a complaint in the U.S. District Court for the District of Columbia, 1:14-cv-00986 (RBW), you are not required to file an administrative appeal.

Sincerely,

Susan B. Gerson
Assistant Director

Enclosure(s)

Form No. 0021nofee – 4/11

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TORENDA WHITMORE
#15123-043
TALLAHASSEE FCI, 501 CAPITAL CIRCLE, NE
TALLAHASSEE FL 32301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number          7001 2510 0008 0110 5038
   (Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

DOJ/EOUSA/FOIA STA.
20:: JUL 30 PM 3:41



CERTIFIED MAIL

7001 2510 0008 0110 5038

U.S. Department of Justice
Executive Office for United States Attorneys
*FOIA/DC*
*600 E. St., NW*
*Rm. 7300 BICN*
*Washington, DC 20530*
Official Business

TORENDA WHITMORE
#15123-043
TALLAHASSEE FCI, 501 CAPITAL CIRCLE, NE
TALLAHASSEE FL 32301

# ATTACHMENT H

USAO NUMBER *2008R00796*

COURT DOCKET NO. *1:08cr130wlG-RA*

**partment of Justice**
**tates Attorneys**

**MINAL COMPLAINT**

DJ FILE NO.
MAG. NO. *1:08mj550*   *(3) #CF 448101*

:ONTENTS OF THIS FILE ARE SUBJECT TO THE PROVISIONS OF THE PRIVACY ACT OF 1974 (5 U.S.C. 552)

| | (B)(7)(c) DISTRICT OF *Mississippi* | | | | |
|---|---|---|---|---|---|
| *Southern* *Southern)* | COUNTY *Jackson* | | | | |
| IDANTS: _3_ | DEFENSE COUNSEL: ___ | ARREST | ARRA'M'T | PLEA | BOND (am't, date, surety) |
| ███████████████ | ███████████████ | ███ | ███ | ███ | ███ |
| *Brenda Andrea Whitmore* *a/k/a Torenda Brooks a/k/a Tory* | | *10/14/08* | *10/16/08* | — | — |
| | | | | | |
| | | | | | |

:LSO FILE NO. ___

NATURE OF OFFENSE *Conspiracy; Kidnapping; Felon in Poss of Firearm; Use of Firearm During*

NED TO: *JTG*

:F OFFENSE *10/8/08*   CODE SECTIONS *18/1201, 922(g), 924(c):31 Crime of Vi*

:F LIMITATIONS ___   GOV'T AGENCY *FBI / █████ , ATF/Roch*

| ·TE | CODE | REMARKS | (B)(7)(c) | INITIALS |
|---|---|---|---|---|
| | | *Indictment filed.* | | |
| *:/09* | | *Jury trial – all defendants found guilty* | | |
| *:/09* | | *All defendants sentenced.* | | |
| | | | | |
| | | *FILE ___ ___ ___* | | |
| | | | | |

| ATE | REMARKS | INITIALS |
|-----|---------|----------|
|     |         |          |
|     |         |          |
|     |         |          |
|     |         |          |
|     |         |          |
|     |         |          |
|     |         |          |
|     |         |          |
|     |         |          |
|     |         |          |
|     |         |          |
|     |         |          |
|     |         |          |
|     |         |          |
|     |         |          |

WITNESSES

partment of Justice
tates Attorney

**USAO NUMBER** _2008R00796_
**COURT DOCKET NO.** _1:08cr130W1G-RH_

## MINAL COMPLAINT

**DJ FILE NO.** _____
**MAG. NO.** 1:08mj550 (3)#CF-148/07

:ONTENTS OF THIS FILE ARE SUBJECT TO THE PROVISIONS OF THE PRIVACY ACT OF 1974 (5 U.S.C. 552)

_Southern_ (B)(7)(c) **DISTRICT OF** _Mississippi_
_Southern_ **COUNTY** _Jackson_

| IDANTS: 3 | DEFENSE COUNSEL: | ARREST | ARRA'M'T | PLEA | BOND (am't, date, surety) |
|---|---|---|---|---|---|
| ███████████████████ | | | | | ‑‑ |
| ███████████████████ | | | | | _(B)(7)(c)_ |
| ‑renda Andrea Whitmore a/k/a Torenda Brooks a/k/a Tory | | 10/8/08 | 10/16/08 | ‑ | ‑ |
| | | | | | |
| | | | | | |
| | | | | | |

:LSO FILE NO. _____ **NATURE OF OFFENSE** Conspiracy; _Kidnapping; Felon in_
NED TO: _JTG_ _Poss. of Firearm; Use of Firearm During_
:F OFFENSE _10/8/08_ **CODE SECTIONS** _18/1201, 922(g), 924(c);3 Crime of Vii_
:F LIMITATIONS _____ **GOV'T AGENCY** _FBI / ___ ATF/_

| :TE | CODE | REMARKS (B)(7)(c) | INITIALS (B)(7)(c) |
|---|---|---|---|
| : ‑ | | _Indictment filed_ | |
| 1/09 | | _Jury trial - all defendants found guilty_ | ✓ |
| :/09 | | _All defendants sentenced._ | |
| | | | |



**U.S. Department of Justice**

**FILE COPY**

*United States Attorney*
*Southern District of Mississippi*

---

1575 20ᵗʰ Avenue, 2nd Floor          (228) 563-1560
Gulfport, Mississippi 39501          Fax (228) 563-1571

December 23, 2008

James L. Davis III, Esq.
P.O. Box 1839
Gulfport, MS 39502-1839

      Re: <u>U.S. v. Torenda Andrea Whitmore a/k/a Torenda Brooks a/k/a Tory</u>
          Criminal No. 1:08cr130WJG-RHW-3

Dear Jim:

      Find enclosed the initial discovery material in the above referenced case.  As is my customary practice, I have made a mirror copy of the enclosures to ensure that the discovery status is clear.  You may also contact FBI Special Agent ████████████████ **(B)(7)(c)** ████████████████████████████ to make arrangements to view the other physical discovery items.

      Also enclosed is a proposed Plea Agreement.  If your client desires to plead guilty, please present the agreement to her for review and signature and return the original to me.

      If you have any questions or would like to discuss resolution of this case, please contact me at (228) 563-1560.  Thanking you in advance for your substantial efforts on behalf of your client, I am

                Sincerely yours,

                DUNN LAMPTON
                United States Attorney

      By:

                Jay T. Golden
                Assistant U.S. Attorney

JTG:nl
Enclosures



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Mississippi*

---

| | |
|---|---|
| 1575 20th Avenue, 2nd Floor<br>Gulfport, Mississippi 39501 | (228) 563-1560<br>Fax (228) 563-1571 |

April 15, 2009

James L. Davis III, Esq.
P.O. Box 1839
Gulfport, MS 39502-1839

     Re: <u>U.S. v. Torenda Andrea Whitmore a/k/a Torenda Brooks a/k/a Tory</u>
          Criminal No. 1:08cr130WJG-RHW-3

Dear Jim:

     Find enclosed the amended Plea Agreement in the above referenced case, allowing
Torenda Whitmore to plead guilty to Count 1, the conspiracy count. If your client desires to
plead guilty, please present the agreement to her for review and signature and return the original
to me.

     If you have any questions or would like to discuss resolution of this case, please contact
**(B)(7)(c)** me at ▮▮▮▮▮▮▮▮ Thanking you in advance for your substantial efforts on behalf of your
client, I am

                               Sincerely yours,

                               STAN HARRIS
                               Acting United States Attorney

By: *[signature]*
                               Jay T. Golden
                               Assistant U.S. Attorney

JTG:nl
Enclosure



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Mississippi*

| Subject | Date |
|---|---|
| United States v. Torenda Andrea Whitmore a/k/a Torenda Brooks a/k/a Tory Criminal No. 1:08cr130WJG-RHW-3 | April 15, 2009 |

| To | From |
|---|---|
| James L. Davis III Attorney at Law | Jay T. Golden Assistant United States Attorney |

## PLEA AGREEMENT

Torenda Andrea Whitmore a/k/a Torenda Brooks a/k/a Tory, the Defendant herein, and James L. Davis III, Esq., attorney for Defendant, have been notified that:

1.   **Defendant's Obligations.**

If the defendant tenders a plea of guilty to Count 1 of the Indictment pending in this case, charging her with Conspiracy to Commit Kidnapping, in violation of Title 18, United States Code, Section 371;

2.   **Government's Obligations.**

a.   Thereafter, the United States Attorney's Office for the Southern District of Mississippi ("U.S. Attorney's Office") will: (i) recommend that the Court accept the defendant's plea of guilty, and, at sentencing, (ii) recommend that the Court impose a sentence within the lower 50% of the applicable Sentencing Guidelines range as computed by the Court, (iii) move the Court to dismiss any remaining counts of the Indictment against this defendant; and (iv) inform the United States Probation Office and the Court of this Agreement, the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant which the U.S. Attorney's Office deems relevant to sentencing.

b.   If the Defendant has timely notified the U.S. Attorney's Office of her intent to enter a plea of guilty and if the Defendant qualifies for a decrease under U.S.S.G. §3E1.1(a), and if the Defendant's offense level determined prior to the operation of U.S.S.G. §3E1.1(a) is a level 16 or greater, the U.S. Attorney's Office will move for an additional one-level decrease in the guidelines in accordance with U.S.S.G. §3E1.1(b).

Page 1 of 6

Timely notification of intent to plead guilty is determined by one of two mechanisms:

      1) When the District Court enters an Order setting a deadline for notification of intent to enter a guilty plea and the defendant provides notification by the date set forth in the Court's Order; or

      2) When the District Court does not enter an Order setting a deadline for notification of intent to enter a guilty plea, then the Defendant shall notify the U.S. Attorney's Office of her intent to plead guilty not less than 3 weeks prior to the start of the trial date identified in the Trial Setting Order entered by the Court.

      **3.**   **Count of Conviction.** It is understood that, as of the date of this plea agreement, the defendant and her attorney have indicated that the defendant desires to plead guilty to Count 1 of the Indictment.

      **4.**   **Sentence.** Defendant understands that the penalty for the offense charged in Count 1 of the Indictment, charging a violation of Title 18, United States Code, Section 371, is not more than 5 in prison, a term of supervised release of not more than 3 years, and a fine of up to $250,000.00. Defendant further understands that a term of supervised release will be imposed and that term will be in addition to any prison sentence she receives; further, if any of the terms of her supervised release are violated, Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to Defendant's violation of those conditions. It is further understood that the Court may require Defendant to pay restitution in this matter in accordance with applicable law. Defendant further understands that she is liable to make restitution for the full amount of the loss determined by the Court to constitute relevant conduct, which amount is not limited to the count of conviction.

      **5.**   **This Agreement Does *Not* Bind the Court.** It is further understood that the Court, in accord with the principles of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, is not required to accept the recommendation of the U.S. Attorney's Office, but may sentence Defendant to the maximum fine and imprisonment as provided by law, and the government has no other obligation in regard to sentencing than as stated in Paragraph No. 2.

      **6.**   **Determination of Sentencing Guidelines.** It is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that she is not relying upon anyone's calculation of a particular Guidelines range for the offense to which she is entering this plea, and recognizes that the Court will make the final determination of the sentence and that she may be sentenced up to the maximum penalties set forth above.

7.      **Limit on Further Prosecution.** It is further understood that the U.S. Attorney's Office will seek no further criminal prosecutions of Defendant for any acts or conduct disclosed by Defendant to this Office as of the date of this Agreement arising out of any event covered by the Indictment referenced in Paragraph No. 1 (except that the matters referred to in the remaining counts of the Indictment may be used as relevant conduct in computing the applicable Sentencing Guidelines range), if Defendant voluntarily, truthfully and completely discloses all information and knowledge that Defendant has. Should Defendant not voluntarily and completely disclose, then as to that matter, the U.S. Attorney's Office is free to seek prosecution of Defendant. This plea agreement does not provide any protection against prosecution for any crimes except as set forth above, nor does it provide protection for prosecution for any crime of violence committed by Defendant.

8.      **Breach of This Agreement.** It is further understood that should Defendant fail or refuse as to any part of this plea agreement or commit any other crimes, the representations by the United States in Paragraph No. 2 above are rescinded, and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the U.S. Attorney's Office has not sought as a result of this plea agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause.

9.      **Binding Effect On This District Only.** It is further understood that this plea agreement does not bind any state or local prosecuting authorities or any other federal district except as to the use of Defendant's statements voluntarily given hereunder; further, this agreement does not bind the Attorney General of the United States in regard to any matter, civil or criminal, involving the tax statutes of the United States.

10.     **Financial Obligations.** It is further understood and specifically agreed to by Defendant that, at the time of the execution of this document or at the time the plea is entered, Defendant will then and there pay over the special assessment of $100.00 per count required by Title 18, United States Code, Section 3013, to the Office of the United States District Court Clerk; the defendant shall thereafter produce proof of payment to the U.S. Attorney's Office or the U.S. Probation Office. If the defendant is adjudged to be indigent, payment of the special assessment at the time the plea is entered is waived, but Defendant agrees that it may be made payable first from any funds available to Defendant while she is incarcerated. The Defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in Section 3613. Furthermore, the Defendant agrees to provide all of her financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods available to the United States to enforce the judgment. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility

Program regardless of whether the Court specifically directs participation or imposes a schedule of payments.

11.   **Further Crimes.** It is further understood that should Defendant commit any further crimes, this plea agreement shall be deemed violated and she shall be subject to prosecution for any federal criminal violation of which this office has knowledge, and that any information provided by her may be used against her.

12.   **Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of her rights to remain silent, to trial by jury, to subpoena witnesses on her own behalf, to confront the witnesses against her, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:

a.   the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

b.   the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

c.   any right to seek attorneys fees and/or costs under the "Hyde Amendment," as codified in Title 18, United States Code, Section 3006A, and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

d.   all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by her or by her representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

e.   Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

The Defendant waives these rights in exchange for the recommendations and concessions made by the United States Attorney in this agreement.

13. **Future Direct Contact With Defendant.** Defendant and her attorney acknowledge that if forfeiture, restitution, a fine, or special assessment or any combination of forfeiture, restitution, fine, and special assessment is ordered in Defendant's case that this will require regular contact with Defendant during any period of incarceration, probation, and supervised release. Further, Defendant and her attorney understand that it is essential that defense counsel contact the Financial Litigation Unit of the U.S. Attorney's Office immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the U.S. Attorney's Office does not receive any written acknowledgment from defense counsel within two weeks from the date of the entry of Judgment in this case, the U.S. Attorney's Office will presume that defense counsel no longer represents the defendant and the Financial Litigation Unit will communicate directly with the defendant regarding collection of the financial obligations imposed by the Court. Defendant and her attorney understand and agree that such direct contact with Defendant shall not be deemed an improper *ex parte* contact with Defendant, if defense counsel fails to notify the U.S. Attorney's Office of any continued legal representation within two weeks after the date of entry of the Judgment in this case.

14. **Complete Agreement.** It is further understood that this plea agreement completely reflects all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi and Defendant.

Defendant and her attorney of record declare that the terms of this plea agreement have been:

1. **READ BY OR TO HER;**
2. **EXPLAINED TO HER BY HER ATTORNEY;**
3. **UNDERSTOOD BY HER;**
4. **VOLUNTARILY ACCEPTED BY HER;** and
5. **AGREED TO AND ACCEPTED BY HER.**

WITNESS OUR SIGNATURES, as set forth below.

DUNN LAMPTON
United States Attorney

_____          _____
Jay T. Golden                                                         Date
Assistant United States Attorney

U.S. Department of Justice
United States Attorneys

## CIVIL CLAIM

USAO NO. _2011V00395_
CAUSE OF ACTION _1:11cv423 WJG_
DJ FILE NO._____

**THE CONTENTS OF THIS FILE ARE SUBJECT TO THE PRIVACY ACT OF 1974 (5 U.S.C. 552)**

_Southern_ _____ DISTRICT OF _Mississippi_

DIVISION _Southern_ _____ COUNTY _Jackson_

1 _Torenda Andrea Whitmore_ ASSIGNED TO _GHC_

2 _____ TYPE ACTION _2255_

3 _____

4 _____ GOVT. AGENCY _FBI_

_Torenda Andrea Whitmore_ CASE NAME v. _USA_

_____ OPPOSING COUNSEL _Pro se_

_____ SEE ALSO DJ FILE NO. _1:08cr130 WJG-RHW-3_

DATE REFERRED _____ COMPLAINT FILED _____ ANSWER FILED _____

| DATE | REMARKS | INITIALS |
|------|---------|----------|
| 11/7/11 | 2255 motion filed by Whitmore. | |
| 1/26/12 | Jim Davis & USA affidavit due 2/15. | |
| 2/6/12 | Affidavit by Torenda Whitmore 2255 (JJMDavis) | |
| 2/10/12 | Affidavit in Opposition by USA - GHC/JJG | |
| 2/10/12 | Response in Opposition by USA - GHC | |
| 10-15-12 | 2255 deng denied. | |
| | | |
| | | |

CLOSED DATE 10-15-12 INITIALS

U.S. Department of Justice
United States Attorneys

USAO NUMBER _2008R00796_
COURT DOCKET NO. _09-60400_

**CRIMINAL COMPLAINT**

DJ FILE NO. _____

THE CONTENTS OF THIS FILE ARE SUBJECT TO THE PROVISIONS OF THE PRIVACY ACT OF 1974 (5 U.S.C. 552)

_SOUTHERN_ DISTRICT OF _MISSISSIPPI_
_SOUTHERN_ COUNTY _____

| DEFENDANTS: | DEFENSE COUNSEL: | ARREST | ARRA'M'T | PLEA | BOND (am't, date, surety) |
|---|---|---|---|---|---|
| 1. _TORENDA ANDREA WHITMORE_ | | | | | |
| 2. | | | | | |
| 3. | (B)(7)(c) | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |

SEE ALSO FILE NO. _1:08cr130WJG-RHW_   NATURE OF OFFENSE _APPEAL - Trial_
ASSIGNED TO: _GHC_
DATE OF OFFENSE _____   CODE SECTIONS _____
STAT. OF LIMITATIONS _____   'GOV'T AGENCY _____

| | DATE | CODE | REMARKS | INITIALS |
|---|---|---|---|---|
| (B)(7)(c) | 5/26/09 | | Appeal docketed | |
| | 9/9/09 | | Case updated - Torenda Whitmore ? | |
| (B)(7)(c) | 12/28/09 | | Appellant Whitmore's Brief filed. | |
| (B)(7)(c) | 1/27/10 | | Appellee (Gov't) Brief filed. | |
| | 6/7/10 | | Oral Argument at 5th Cir. | |
| | 7/15/10 | | Unpublished Opinion filed - convictions affirmed | |
| (B)(7)(c) | 8/23/10 | | Mandate issued as to Whitmore | |
| | 8/13/10 | | Petition for re-hearing denied as to Whitmore | |

FORM USA-23
Revised May 1997